IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTY AKRIGHT,

        Plaintiff,

    v.                                 Case No. 08-2037-CM-GLR

FLEX FINANCIAL HOLDING
COMPANY a/k/a GOLD'S GYM,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to File Answer Out of Time (doc. 7) and Plaintiff's Motion to Strike Answer (doc. 10).  Defendant requests leave to file its Answer out of Time.  Plaintiff requests in her motion that the Court strike Defendant's answer because it was filed without leave more than 20 days after service of summons and the complaint.  Pending before the Court also is Plaintiff's Motion for Default Pursuant to Fed. R. Civ. P. 55(b)(2) (doc. 5).  By the latter motion, Plaintiff seeks default judgment against Defendant for its alleged failure to plead or otherwise defend.  For the following reasons the Court sustains Defendant's Motion to File Answer Out of Time and overrules Plaintiff's Motion to Strike Answer and Motion for Default Judgment.

Plaintiff filed her Complaint (doc. 1) on January 22, 2008.  Summons was returned executed by certified mail on January 23.  Defendant's answer was due February 12.  The next day Plaintiff made application for a Clerk's Entry of Default, which was entered on February 15 (doc. 4).  Plaintiff filed her Motion for Default Pursuant to Fed. R. Civ. P.

55(b)(2) (doc. 5) on February 21, based on Defendant's failure to answer or otherwise respond to the Complaint.  On March 14, 2008, counsel entered an appearance on behalf of Defendant and filed a Response to Affidavit for Entry of Default and Motion to File Answer Out of Time (doc. 8) and Answer (doc. 9).  On March 28 Plaintiff filed her Motion to Strike Defendant's Answer (doc. 10).

Plaintiff requests that the Court strike the untimely answer filed by Defendant and to enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  She argues that Defendant was aware of her underlying allegations of sexual harassment in the workplace when she filed her EEOC Charge of Discrimination, when she received her Dismissal and Notice of Rights Letter, and in correspondence preceding the filing of her complaint.  She served her complaint along with a summons on Defendant via certified mail on January 23, 2008.  She points out that Fed. R. Civ. P. 12(a) provides Defendant with 20 days to file its answer or other responsive pleading to her complaint.  On March 14, 2008, Defendant filed its Motion to File Answer Out of Time and then, without waiting for the Court to rule on the motion, filed its Answer.  Plaintiff argues that the Court should therefore strike Defendant's untimely answer, deny its attempt to set aside the Clerk's Entry of Default, and enter default judgment in her favor.

Defendant concedes that it failed to timely file its answer in this case.  It urges the Court to deny Plaintiff's motions for reasons of equity and fundamental fairness, allow it to file its answer out of time, and vacate the February 15, 2008 Clerk's Entry of Default.  It explains that its failure to timely file its answer was not caused by culpable conduct, but

2

rather because it was unaware its insurance carrier had failed to arrange for the complaint to be timely answered until it was notified of the Clerk's Entry of Default. After learning of the Clerk's Entry of Default, it immediately contacted an attorney who asked Plaintiff for an extension to time to file an answer. Plaintiff refused to agree to an extension. It argues that there are both procedural and substantive defenses to the underlying lawsuit which justifies setting aside default judgment, allowing the answer to be filed out of time, and determining the underlying issues on the merits.

Federal Rule of Civil Procedure 55 (a) authorizes the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The court may set aside the entry of default for "good cause."[1] The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[2] The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the "preferred disposition of any case is upon its merits and not by default judgment."[3]

The Tenth Circuit articulates the tension in default cases between enforcing procedural rules and observing fairness:

---

[1]Fed. R. Civ. P. 55(c).

[2]*Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l. Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

[3]*Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

3

> [The Court does not] favor default judgment ... purely as a penalty for delays in filing or other procedural errors. However a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.[4]

The principal factors to be considered in determining whether the defendant has met the good cause standard of Rule 55(c) in a motion to set aside an entry of default are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim.[5] These factors are not "talismanic" and the court may consider other factors.[6] However, the court need not consider all the factors.[7] The court must also balance the interests of the defendant in the adjudication of the case on the merits, against the interests of the public and the court in the orderly and timely administration of justice.[8]

Under the first factor, whether the default was the result of culpable conduct of the defendant, a defendant's conduct is considered culpable if it has defaulted willfully or has

---

[4] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F .2d 1442, 1444-45 (10th Cir. 1983) (internal citations omitted).

[5] *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpub.).

[6] *Id.*

[7] *Id.*

[8] *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1993) (citing 6 Jeremy C. Moore, et al., Moore's Federal Practice ¶ 55.10[2] (2d ed. 1993)).

no excuse for the default.[9]  Applying the first factor to the case at bar, the Court finds that Defendant's delay in filing its answer in this case did not result from culpable conduct. Defendant has adequately explained its reliance upon its insurance carrier for the complaint to be timely answered and its discovery of the failure upon notice of the Clerk's Entry of Default. The conduct of Defendant shows good cause to set aside the entry of default.

The court also considers whether Plaintiff would be prejudiced, were the default set aside.  Prejudice in this context refers to "acts done by the moving party or events that have occurred which have in some way impaired or thwarted the non-moving party's ability to litigate or defend the case."[10] Plaintiff has identified no potential prejudice.  Nor does the Court find that Plaintiff will be prejudiced in any significant way, if the Clerk's Entry of Default is set aside.  The case remains in its early stages.  The Scheduling Conference has not even been held.  Little discovery, if any, has been exchanged.  Few case deadlines have passed.  This supports a finding of good cause for setting aside the entry of default.

The final factor is whether Defendant has presented a meritorious defense to the claims of Plaintiff. "The burden to show a meritorious defense is light. The party moving to set aside default must make a sufficient elaboration of facts to permit the trial court to judge

---

[9]*United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

[10]*Super Film of Am., Inc., v. UCB Films, Inc*., No. 02-4146-SAC, 2004 WL 2413497, at *2 (D. Kan. Sept. 23, 2004).

5

whether the defense, if movant's version were believed, would be meritorious."[11]  The Court has reviewed Defendant's Answer (doc. 9).  It sets forth ten affirmative defenses to Plaintiff's claims.  The Court does not determine at this point whether or not any of the defenses are in fact meritorious.  The defenses nevertheless appear to be those commonly asserted against claims of discrimination and, therefore, worthy for consideration at this early phase of the litigation.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Default Judgment (doc. 5) and Motion to Strike Respondent's Answer (doc. 10) are overruled.  Defendant's Motion to File Answer Out of Time (doc. 7) is sustained.  The February 15, 2008 Clerk's Entry of Default is hereby set aside pursuant to Fed. R. Civ. P. 55(c).  Defendant's March 14, 2008 Answer is deemed to be timely filed.

Dated this 2nd day of May 2008, at Kansas City, Kansas.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge


cc:     All counsel

---

[11]*Super Film of Am.,* 2004 WL 2413497, at *2 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)).

6